IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **v.** | * | **Criminal Case No.: GJH-11-166** |
| **FREDDIE D. WIDENER,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Defendant Freddie D. Widener is currently serving a 233-month sentence at FCI Otisville, a Bureau of Prisons ("BOP") facility, after pleading guilty to one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Pending before the Court is Mr. Widener's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 138. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Widener's Emergency Motion for Compassionate Release is denied.

**I.     BACKGROUND**

On March 24, 2011, a grand jury for the District of Maryland issued a fourteen-count Indictment charging Mr. Widener and other defendants with crimes related to the robbery of pharmacies. ECF No. 1. Mr. Widener was charged in Counts One, Seven, and Ten with Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); in Count Two with conspiracy to commit burglary involving controlled substances, in violation of 18 U.S.C. § 2118(d); in Counts Three and Six with burglary involving controlled substances, in violation of 18 U.S.C. § 2118(b); in Counts Four, Eight, and Eleven with use of a firearm during a crime of violence, in violation of

1

18 U.S.C. § 924(c)(1)(A)(i) and (ii); and in Counts Five, Nine, and Twelve with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *Id.* On October 17, 2011, pursuant to a written plea agreement, Mr. Widener pleaded guilty to the crimes charged in Counts Ten and Eleven of the Indictment: Hobbs Act robbery and use of a firearm during a crime of violence. ECF Nos. 71, 72, 73. On March 12, 2012, the Court sentenced Mr. Widener to a total of 233 months of imprisonment for Counts Ten and Eleven, specifically a term of 113 months for Count Ten and a consecutive term of 120 months for Count Eleven. ECF No 96. His release date is set for November 12, 2026. *See* ECF No. 142-1 at 6.[1]

On April 14, 2020, Mr. Widener submitted a letter to the warden of FCI Otisville requesting a reduction of sentence in light of the COVID-19 pandemic. ECF No. 138-1 at 1. On May 15, 2020, the warden denied the request based on the "extraordinary measures" BOP is taking to contain the spread of the virus and treat any affected inmates. *Id.* Mr. Widener appealed that decision on May 22, 2020. *Id.* at 2. On July 3, 2020, Mr. Widener filed the pending Emergency Motion for Compassionate Release in this Court. ECF No. 138. The Government filed a response on July 16, 2020, ECF No. 142, and Mr. Widener filed a reply on July 27, 2020. ECF No. 143.

**II.   DISCUSSION**

Pursuant to 18 U.S.C. § 3582(c)(1)(A), Mr. Widener requests that the Court grant him compassionate release based on "extraordinary and compelling reasons" presented by his advanced age, health, and his vulnerability to COVID-19. Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United*

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

*States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). This general rule is subject to certain exceptions, including the compassionate release provision, which provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1).

A complementary provision, 28 U.S.C. § 994(t), provides that the U.S. Sentencing Commission, "in promulgating general policy statements regarding sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See United States v. Decator*, No. CCB-95-202, 2020 WL 1676219, at *2 (D. Md. Apr. 6, 2020). The Commission provides this description in § 1B1.13 of the U.S. Sentencing Guidelines, which states, in relevant part, that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .

3

>> (2) The defendant is not a danger to the safety of any other person or to the
>> community, as provided in 18 U.S.C. § 3142(g); and
>> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Application Note 1 to § 1B1.13 further details the Commission's understanding of "extraordinary and compelling reasons," which include if a defendant has been diagnosed with a terminal illness or other serious physical or medical condition, is above the age of 65 and is in deteriorating health due to aging, has experienced certain extenuating family circumstances, or if "[o]ther [r]easons" arise that have been "determined by the Director of the Bureau of Prisons" to be "extraordinary and compelling reason[s] other than, or in combination with, the reasons described" in the Policy Statement. U.S.S.G. § 1B1.13 cmt. n.1(D). Although the Sentencing Commission and BOP criteria provide helpful guidance to the Court, they are not binding because "the amended § 3582(c)(1)(A)(i) vests courts with independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *Decator*, 2020 WL 1676219, at *2; *see also United States v. Lazarte*, No. GJH-16-296, ECF No. 52 (D. Md. July 7, 2020); *United States v. Mel*, No. TDC-18-571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020).

Here, Mr. Widener meets the administrative threshold for filing a motion for compassionate release. He first requested a reduction in sentence by letter to the warden of FCI Otisville on April 14, 2020. ECF No. 138-1 at 1. The warden denied the request on May 15, 2020, *see id.*, and Mr. Widener appealed that decision on May 22, 2020, *id.* at 2. He then filed the pending Emergency Motion for Compassionate Release in this Court on July 3, 2020, after exhausting his administrative rights to appeal BOP's decision and the lapse of 30 days from the

4

receipt of his reduction request by the warden of his facility. Mr. Widener has therefore satisfied the statutory exhaustion requirements. *See* 18 U.S.C. § 3582(c)(1)(A).

But even if Mr. Widener could show that his age and health conditions constitute "extraordinary and compelling reasons" for release in light of the COVID-19 pandemic, he is not entitled to compassionate release based on the factors set forth in § 3553(a) and because he remains a danger to the community, as provided in § 3142(g). Section 3553(a) provides that the court should consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in determining the particular sentence to be imposed. It also provides that a "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" described in § 3553(a)(2): "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed or vocational training, medical care, or other correctional treatment in the most effective manner." And, in determining whether a defendant poses a danger to the community, a court considers the (1) "nature and circumstances of the offense charged"; (2) "weight of the evidence against the person"; (3) "history and characteristics of the person"; and (4) "nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Here, these considerations weigh against release. Mr. Widener was convicted of attempting to rob a pharmacy, with the goal of obtaining controlled substances, through the use of threatened and actual violence. This is a serious crime for which the law mandates a minimum sentence of ten years because a firearm was brandished and discharged during its commission. To release Mr. Widener before that ten-year minimum has elapsed would diminish the

seriousness of the offense and be inconsistent with the goals of sentencing. Moreover, Mr. Widener has an extensive criminal history that involves robbery, attempted assault, and use of a dangerous weapon, ECF No. 142-3 at 3, and he has experienced numerous periods of incarceration, suggesting that reducing his current sentence would not adequately deter him from participating in future criminal conduct. Additionally, his disciplinary record while incarcerated for this and previous crimes involves numerous incident reports and sanctions for prohibited conduct. ECF No. 142-3 at 2; ECF No. 142-6. Releasing Mr. Widener under circumstances where his history is replete with violent offenses and where he has previously, and could again, have access to a firearm would pose a danger to the community and is inconsistent with the goals of sentencing.

It should be noted that Mr. Widener's age and health conditions are factors that the Court has considered in determining the appropriate resolution of this motion. And the Court certainly has concern for Mr. Widener, and for all others both inside and outside of BOP facilities, as we all grapple with COVID-19. Nonetheless, compassionate release is a "rare remedy," *United States v. Jenkins*, No. ELH-18-515, 2020 WL 3869001, at *3 (D. Md. July 9, 2020), and Mr. Widener's health concerns are not enough to trigger the release of an individual who this Court has determined poses a threat to public safety and where a reduction of sentence would be inconsistent with the factors set forth in § 3553(a).

Accordingly, Mr. Widener's Emergency Motion for Compassionate Release is denied.

## III.     CONCLUSION

For the foregoing reasons, Mr. Widener's Emergency Motion for Compassionate Release is denied. A separate Order shall issue.

Date: August      29 , 2020                                    /s/
                                                               GEORGE J. HAZEL
                                                               United States District Judge